# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **GEOTAG INC.,**<br><br>　　　　Plaintiff,<br><br>　v.<br><br>**ZOOSK, INC.,**<br><br>　　　　Defendant. | Civil Action No. 2:11-CV-403-MHS<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT ZOOSK, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF GEOTAG INC.'S VENUE-RELATED INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Civil rules of this Court, Defendant Zoosk, Inc. ("Zoosk"), objects and responds to Plaintiff GeoTag Inc's ("GeoTag") Venue-Related Interrogatories (Nos. 1-4), as follows:

### GENERAL OBJECTIONS

Zoosk makes the following general objections to each and every definition and instruction in Plaintiff GeoTag's Venue-Related Interrogatories, and these general objections are hereby incorporated into Zoosk's response to each and every interrogatory. To the extent that any of the general objections are not raised in any particular response, Zoosk does not waive those objections.

1.　Zoosk objects to each and every interrogatory herein, and to the definitions and instructions contained within GeoTag's interrogatories, to the extent that they are vague, ambiguous, unintelligible, or seek to impose obligations on Zoosk that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Texas, and any order of the Court. Unless indicated otherwise, Zoosk shall give the terms of

these interrogatories their ordinary and plain meanings.  Zoosk shall not be held responsible where its reasonable interpretation of these interrogatories does not comport with GeoTag's intentions.

2. Zoosk objects to all definitions, instructions, and interrogatories to the extent they seek disclosure of information protected by the attorney-client privilege, common-interest privilege, joint-defense privilege, attorney work-product doctrine, or any other applicable privilege, immunity, or protection as provided by any applicable law.

3. Zoosk objects to each interrogatory to the extent the burden or expense of the discovery sought outweighs its likely benefit.

4. Zoosk objects to all definitions, instructions, and interrogatories to the extent they seek identification and disclosure of information that is irrelevant and immaterial, or is not relevant to a claim or defense of a party.

5. Zoosk objects to each interrogatory to the extent that it is compound and/or is comprised of subparts constituting of more than one interrogatory.

6. Zoosk objects to the extent any interrogatory seeks discovery that is unreasonably cumulative or duplicative or is obtainable from some other source that is more convenient, less burdensome, or less expensive.

7. Zoosk objects to all definitions, instructions, and interrogatories to the extent that they seek to impose upon Zoosk an obligation to investigate or discover information or things from third parties or services that are more or equally accessible to GeoTag.  Zoosk does not intend to produce information that is not in the possession, custody or control of Zoosk.

8. Zoosk's responses are made solely for the purpose of this case.  Each response is subject to all objections as to competency, relevance, materiality, propriety, and admissibility,

**Confidential – Attorneys' Eyes Only**

each of which objections are expressly reserved and may be interposed at any other proceeding in this case or any other action.

9. No incidental or implied admissions are intended by any response by Zoosk to any interrogatory. That Zoosk has responded to any interrogatory is not an admission that Zoosk accepts or admits the existence of any alleged facts set forth in or assumed by such interrogatory, or that the making of the response constitutes admissible evidence.

10. Zoosk objects to the definition of the term "identify" to the extent that it seeks to impose an obligation on Zoosk that is broader than what is required under Fed. R. Civ. P. 26(b)(1).

11. Zoosk objects to Instruction 2 to the extent that it seeks to impose an obligation on Zoosk that is broader than what is required under Fed. R. Civ. P. 26(b)(5).

12. Zoosk objects to Instruction 4 to the extent that it seeks to impose an obligation on Zoosk that is broader than what is required under Fed. R. Civ. P. 26(b)(5); 33(d).

13. Zoosk objects to Instruction 5 to the extent that it seeks to impose an obligation on Zoosk that is broader than what is required under 26(b)(1).

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1**:

Describe all business conducted by you in the Eastern District of Texas and the State of Texas (this includes business conducted with persons located in the Eastern District of Texas and the State of Texas) for the period 2009 to the present (on an annual basis for complete years), including (a) the number of your customers located in the Eastern District of Texas and the State of Texas, and (b) the amount of your revenues derived from your business conducted by you in the Eastern District of Texas and the State of Texas.

-- 3 --

**Confidential – Attorneys' Eyes Only**

**RESPONSE TO INTERROGATORY NO. 1**:

Zoosk incorporates its general objections as if fully set forth herein. Zoosk objects to this interrogatory as overbroad and unduly burdensome, including but not limited to the extent that it requires Zoosk to generate revenue and number of subscribers for the State of Texas and the Eastern District of Texas, which are not kept in Zoosk's normal course of business. Zoosk further objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege or work product doctrine. Zoosk further objects to the term "customer" as used in this interrogatory as vague and ambiguous. Zoosk interprets "customer" to refer to its paid subscribers.

Subject to and without waiving any objections, Zoosk responds as follows: bookings for the requested periods for the State of Texas are as follows: 2009) $338,335; 2010) $2,915,985; 2011) $4,454,903; January 2012-June 2012) $2,074,524. Bookings for the requested periods for the Eastern District of Texas are as follows: 2009) $66,992; 2010) $588,263; 2011) $910,433; January 2012-June 2012) $418,610. Zoosk does not track revenues for the State of Texas or for the Eastern District of Texas. However, based on representative revenues that Zoosk tracks and based on a representative percent of bookings, Zoosk estimates that revenues from the State of Texas for the requested periods are approximately as follows: 2009) $274,219; 2010) $2,496,206; 2011) $4,466,791; January 2012-June 2012) $2,092,651. Similarly, based on a representative percent of bookings and tracked revenue as above, Zoosk estimates that revenues from the Eastern District of Texas for the requested periods are approximately as follows: 2009) $54,296; 2010) $503,578; 2011) $912,862; January 2012-June 2012) $422,268.

Zoosk does not track subscribers in the State of Texas or in the Eastern District of Texas. However, based on a representative percentage of users to subscribers, Zoosk estimates that the

-- 4 --

**Confidential – Attorneys' Eyes Only**

approximate number of subscribers in the State of Texas as of the end of the periods requested are as follows: 2009) 735; 2010) 6,261; 2011) 4,366; June 2012) 5,359. Similarly, based on the same representative percentage of users to subscribers, Zoosk estimates that the approximate number of subscribers for the Eastern District of Texas as of the end of the periods requested are: 2009) 139; 2010) 1,129; 2011) 792; June 2012) 984.

**INTERROGATORY NO. 2**:

Identify the location of all servers containing any source code or other software used by your to operate any Accused Instrumentality accused of infringement by GeoTag in its Infringement Contentions relating to you, and the nature and volume of the source code or other software located on any such servers.

**RESPONSE TO INTERROGATORY NO. 2**:

Zoosk incorporates its general objections as if fully set forth herein. Zoosk objects to this interrogatory on the basis that it is not limited by time or scope and is overbroad. Zoosk further objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege or work product doctrine. Zoosk further objects to the terms "volume" and "nature" as used in this interrogatory as vague and ambiguous. Zoosk further objects to "all servers containing any source code" as overbroad and unduly burdensome, including but not limited to the extent that it would require Zoosk to locate servers for which Zoosk is unaware of their location, existence or are out of Zoosk's control.

Subject to and without waiving any objections, Zoosk responds as follows: Zoosk currently uses datacenters that host its servers in the Seattle, Washington area and San Francisco, California. These servers contain source code, user data bases, and certain forms of web content it provides through its websites. Zoosk also uses the services of third party cloud storage and

-- 5 --

**Confidential – Attorneys' Eyes Only**

content delivery network service providers to deliver some of its static Web content and EC2 instances (providing a peer-to-peer "handshake" for video chat), as well as run open source IRC software.

**INTERROGATORY NO. 3**:

Describe any facts which you contend would make it inconvenient or burdensome to copy any source code or other software identified in response to Interrogatory No. 3 on a storage medium and transport the storage medium to the Eastern District of Texas.

**RESPONSE TO INTERROGATORY NO. 3**:

Zoosk incorporates its general objections as if fully set forth herein. Zoosk further objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege or work product doctrine. Zoosk further objects to the terms "storage medium," "inconvenient," and "burdensome" as used in this interrogatory as vague and ambiguous.

Subject to and without waiving any objections, Zoosk responds as follows: the transportation of the storage medium containing Zoosk's source code would be costly and burdensome. Zoosk's source code is highly confidential, valuable, and vital to Zoosk's business operations. Therefore, to protect the source code, proper costly accommodations would have to be in place to ensure the secure travel of the source code, including but not limited to arranging for the source code to be hosted by a third-party vendor, such as Iron Mountain. Furthermore, the distance between the servers' locations—in Washington and California—and the Eastern District of Texas increases the chances that the source code will be lost, destroyed, or altered resulting in serious harm to Zoosk. Moreover, Zoosk would have to incur additional cost having its counsel travel to the Eastern District of Texas or hire additional local counsel to oversee the

**Confidential – Attorneys' Eyes Only**

security and review process of its source code should it have to be transported for review in the Eastern District of Texas.

**INTERROGATORY NO. 4**:

Identify the persons who were substantively involved in the conception, development and design any Accused Instrumentality accused of infringement by GeoTag in its Infringement Contentions relating to You, including the member profile search function.

**RESPONSE TO INTERROGATORY NO. 4**:

Zoosk incorporates its general objections as if fully set forth herein. Zoosk objects to this interrogatory as overbroad and unduly burdensome. Zoosk further objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege or work product doctrine. Zoosk further objects to the terms "substantively," "conception," "development," and "design" as used in this interrogatory as vague and ambiguous.

Subject to and without waiving any objections, Zoosk responds as follows: Shayan Zadeh and Alex Mehr are the primary developers of the Zoosk system and service accused of infringement. Both Messrs. Zadeh and Mehr work and reside in San Francisco, California.

**Confidential – Attorneys' Eyes Only**

| | |
|---|---|
| Dated: July 17, 2012 | FENWICK & WEST LLP |

By: */s/ Hector J. Ribera*
    Hector J. Ribera
    CA Bar No. 221511 (Admitted E.D. Tex.)
    hribera@fenwick.com

Silicon Valley Center
801 California Street
Mountain View, California  94041
Telephone:    (650) 988-8500
Facsimile:    (650) 938-5200

Attorneys for Defendant
ZOOSK, INC.

**Confidential – Attorneys' Eyes Only**